IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH HOGAN, individually and on behalf of all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> THE BLACKSTONE GROUP INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:21-cv-03628 |

**NOTICE OF REMOVAL**

Defendant The Blackstone Group Inc. ("Blackstone") hereby removes this putative class action from the Circuit Court of Kane County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In this action, Plaintiff Sarah Hogan brings claims on behalf of herself and a putative class. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists, the proposed class exceeds 100 members, and the maximum amount in controversy is alleged to exceed $5 million. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453(b).

**I.   GROUNDS FOR REMOVAL**

1. Hogan brings a putative class action alleging that somehow, Blackstone, through its acquisition of Ancestry.com DNA LLC ("Ancestry"), "violated GIPA" (*i.e.*, the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*.). (Ex. 1, Compl. ¶ 23.)

2. This Court has jurisdiction under CAFA over putative class actions in which (1) minimal diversity exists; (2) the proposed class consists of at least 100 members; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class

1

Case: 1:21-cv-03628 Document #: 1 Filed: 07/08/21 Page 2 of 5 PageID #:2

action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1332(d)(5)(B) (requiring at least 100 members in a proposed class); 1453(b) (permitting removal of class actions under section 1446); and 1446 (permitting removal).

3. *First*, minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Hogan alleges she is a citizen of Illinois. (Ex. 1, Compl. ¶ 10.) Under § 1332, corporations are considered citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). Blackstone is incorporated in Delaware, and its principal place of business is in New York City, New York. (Ex. 1, Compl. ¶ 11; Ex. 2, Blackstone, *Our Offices*, https://www.blackstone.com/the-firm/our-offices/ (listing New York office as company headquarters).)

4. *Second*, Hogan purports to bring this action on behalf of a statewide set of individuals, which she claims includes "thousands of members." (Ex. 1, Compl. ¶¶ 30, 32.) Accordingly, the proposed class, as alleged, exceeds 100 members and thus meets CAFA's requirement. 28 U.S.C. § 1332(d)(5)(B).

5. *Third*, the amount in controversy plausibly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). Defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (internal citation omitted).

"Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id*. at 764 (citation omitted).

6. Here, the complaint alleges statutory damages of $15,000 for each willful and/or reckless violation of GIPA. (*See, e.g.*, Ex. 1, Compl. ¶ 46.) Thus, even if Hogan's lawsuit is read to allege just one statutory violation per class member, multiplying that amount by only 1,000 class members (as alleged), the stakes easily exceed $5,000,000 (1,000 x $15,000 = $15,000,000). *See Blomberg*, 639 F.3d at 763 (holding "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

## II. COMPLIANCE WITH REMOVAL STATUTE

7. Finally, the procedural requirements for removal have been satisfied. First, the notice of removal must be filed within 30 days of service of the complaint on Blackstone. 28 U.S.C. § 1446(b)(1). Blackstone is not presently aware of having been served a copy of the complaint and reserves all rights to object to any purported service, although the publicly available docket indicates that a summons was issued on June 9, 2021. (Ex. 3, *Hogan v. The Blackstone Group, Inc.*, 21-L-000288, Docket (Cir. Ct. Kane Cnty., Ill.).) Thus, the earliest conceivable deadline to file this notice would be July 9, 2021 (if service was, in fact, achieved on June 9 without Blackstone's knowledge). Blackstone files this removal now to ensure timely compliance with § 1446(b). In addition, although Blackstone is not aware of having been served a copy of the complaint or any other pleadings, all process, pleadings, and orders that have been filed in the Circuit Court of Kane County are attached hereto pursuant to 28 U.S.C. § 1446(a). (Ex. 1, Compl., Ex. 4, Motion for Class Certification.) Blackstone will provide written notice of this notice to counsel for Hogan, and it also filing a copy of this notice with the clerk of the Circuit Court of

3

Kane County.  28 U.S.C. § 1446(d).

Dated:  July 8, 2021                                              Respectfully submitted,

                                                  **THE BLACKSTONE GROUP INC.**

By: */s/ Martin L. Roth*
     Martin L. Roth
     Alyssa C. Kalisky
     Amelia H. Bailey
     KIRKLAND & ELLIS LLP
     300 North LaSalle
     Chicago, IL 60654
     (312) 862-2000
     (312) 862-2200
     martin.roth@kirkland.com
     alyssa.kalisky@kirkland.com
     amelia.bailey@kirkland.com

*Counsel for The Blackstone Group Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2021, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System and served the below Counsel of Record via First Class U.S. Mail and electronic mail:

David L. Gerbie
Andrew T. Heldut
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
dgerbie@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff*

                                                     */s/ Martin L. Roth*
                                                     Martin L. Roth