# Exhibit 1

THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS
SIXTEENTH JUDICIAL CIRCUIT

21-L-000288

| | | |
|---|---|---|
| SARAH HOGAN, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| THE BLACKSTONE GROUP, INC., a Delaware corporation, | ) ) ) ) | Hon. |
| *Defendant.* | ) ) | |

Clerk of the Circuit Court
Kane County, Illinois

6/7/2021 4:55 PM

FILED/IMAGED

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Sarah Hogan ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant The Blackstone Group, Inc., ("Defendant" or "Blackstone") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* (the "GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. This case concerns the illegal transfer of thousands if not millions of individuals' genetic information to Defendant, a multi-billion-dollar private equity firm that acquired Ancestry.com DNA, LLC ("Ancestry"), a genetic testing company, in late 2020. Through such acquisition Defendant has violated Plaintiff and the other Class members' rights arising under GIPA to prevent disclosure of their immutable genetic information to unauthorized third-parties without their written consent.

**NOTICE**
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.
Judge: Clancy Boles, Susan
8/24/2021 9:00 AM

1

2. GIPA defines "genetic information" as information pertaining to: (i) the individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.

3. GIPA provides that persons, such as Defendant, may not obtain genetic testing and information derived from genetic testing unless specifically authorized in writing by the individual whose personal genetic information is being disclosed.

4. Compliance with GIPA is straightforward and may be accomplished through a single, signed sheet of paper or its electronic equivalent. GIPA's requirements bestow a right to privacy in one's genetic information and a right to prevent the disclosure of such information without their consent.

5. In enacting GIPA, the Illinois legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner."

6. The Illinois Legislature enacted GIPA because "[t]he public health will be served by facilitating voluntary and confidential nondiscriminatory use of genetic testing information." *Id.* (emphasis added).

7. The deprivation by Defendant of the statutory rights conferred by GIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory and actual damages, whichever is greater, and other remedies as a result of Defendant's conduct in violating Plaintiff's state genetic privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of damages, including statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. At all relevant times, Plaintiff Sarah Hogan has been a resident and a citizen of Kane County, Illinois.

11. Defendant The Blackstone Group, Inc. is a corporation organized under the laws of the state of Delaware that conducts substantial business throughout Illinois, including in Kane County.

## JURISDICTION AND VENUE

12. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant failed to request and receive Plaintiff's consent to disclose her genetic information in this State.

13. Venue is proper in Kane County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Kane County and thus resides there under § 2-102.

## COMMON FACTUAL ALLEGATIONS

14. Ancestry is a global leader in digital family history services, allowing customers to gain a new level of understanding about their family and genetic history through the use of family trees, historical records, and genetic information.

15. Ancestry's consumer genomics business uses DNA collected from consumers' saliva to provide consumers with information about their heritage and health characteristics.[1]

16. In order to capitalize on the massive database of genetic information owned by Ancestry, Defendant Blackstone sought to purchase Ancestry, obtain Plaintiff and the Class' genetic information, and then share such information with affiliates of Defendant if not other third-parties to monetize its acquisition. Indeed, Defendant disclosed in regulatory filings last year that agreements to share information between its affiliated entities have already been implemented and that its effort to repackage and sell such information to unaffiliated third-parties is underway.[2]

17. On August 5, 2020, Defendant Blackstone announced an agreement to acquire Ancestry, the largest consumer genomics testing company in existence, for $4.7 billion.[3]

18. On December 4, 2020, Defendant Blackstone reported that it had fully completed the acquisition of Ancestry.

19. Under GIPA, the results of a DNA or genetic test are confidential and the subject of such testing has a right to prevent others from receiving their genetic test results without written consent. 410 ILCS 513/15(a).

---

[1] www.blackstone.com/press-releases/article/blackstone-to-acquire-ancestry-leading-online-family-history-business-for-4-7-billion/ (last accessed on 06/4/2021).
[2] https://www.bloomberg.com/news/articles/2020-12-15/blackstone-s-next-product-could-be-data-from-companies-it-buys (last accessed 6/5/2021).
[3] *Id.*

4

20. Following its acquisition of Ancestry, Defendant obtained Plaintiff and other Class Members' genetic test results and associated information without their written consent in violation of GIPA.

21. Defendant's acquisition of Plaintiff's and the Class Members' genetic information is also paired with enough of such individuals' personal information that they can be identified. Such information includes their first and last name, email address, and/or home address (including age and gender in some instances) including Plaintiff's.

22. Following Defendant's acquisition of Ancestry, Defendant disclosed on the Ancestry website that Plaintiff and the Class' genetic information would be released and/or disclosed to Defendant for its own use.[4] However, Defendant failed to identity any method by which Plaintiff and the Class could prevent such disclosure of their genetic information to Defendant or any other party.

23. Defendant Blackstone thus violated GIPA by obtaining Plaintiff and the Class' genetic information without their advance written consent.

## FACTS SPECIFIC TO PLAINTIFF

24. In May 2018, Plaintiff Hogan purchased an at-home DNA test kit from Ancestry.

25. After she sent her biological sample, in the form of her saliva (and accompanying skin cells) to Ancestry, her genetic material was sequenced by Ancestry. Ancestry then provided her with information derived from her genetic test, including information about her likely ethnic and national heritage.

---

[4] *See* www.ancestry.com/cs/legal/privacystatement (stating that "If Ancestry or its businesses are acquired or transferred (including in connection with bankruptcy or similar proceedings), we will share your Personal Information with the acquiring or receiving entity") (last accessed on 06/4/2021).

5

26. Due to the highly sensitive nature of genetic test results, together with Ancestry's representations regarding maintaining the privacy of its customers' genetic information, Plaintiff believed that the information she submitted to Ancestry would be kept confidential, private and secure—and that it would never be received by third parties like Defendant without her written consent. Plaintiff reasonably believed that such information would reside with Ancestry exclusively in perpetuity, and that her written consent would be sought prior to the disclosure of her most personal information.

27. Plaintiff would not have provided her genetic material to Ancestry if she had known that Defendant Blackstone would compel its disclosure and obtain her genetic information without her consent.

28. Plaintiff Hogan never consented or otherwise agreed to the release, disclosure or transfer of her genetic information and other personal identifying information to Defendant Blackstone.

29. Thus, as a result of its acquisition of Ancestry.com, Defendant Blackstone illegally obtained the genetic information of thousands of Illinois consumers without their written consent, including that of Plaintiff and the other Class members, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

30. Pursuant to 735 ILCS § 5/2-801, Plaintiff brings this action on behalf of an Illinois Class defined as follows:

> Class: All Illinois individuals whose genetic testing and information derived from their genetic testing was obtained by Defendant, according to Defendant's records.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

32. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

33. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's GIPA violations.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant's conduct is subject to GIPA;

   b. Whether Defendant obtained Plaintiff's and the other Class members' genetic information in violation of GIPA;

   c. Whether Defendant released Plaintiff's and the other Class members' genetic information to third-parties in violation of GIPA;

   d. Whether Defendant obtained written authorization from Plaintiff and the other Class members before obtaining or disclosing their genetic information;

   e. Whether Defendant's violations of GIPA were willful or reckless;

   f. Whether Defendant's violations of GIPA were negligent;

   g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

36. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

37. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513, *et seq.*
### (On behalf of Plaintiff and the Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant Blackstone is a corporation and, therefore, a "person" under 410 ILCS 513/10.

40. Plaintiff and the Class purchased "genetic test[s]" and received the results of such tests from Ancestry.

41. Plaintiff and the Class also provided accompanying personal identifying information, including their full names, email address, and/or home addresses (including age and gender in some instances) to Ancestry.

42. The information obtained from Plaintiff and the Class is the type of information protected by GIPA. 410 ILCS 513/10.

43. Defendant Blackstone, through its acquisition of Ancestry, obtained Plaintiff's and the Class members' genetic tests and/or information derived from their genetic tests, along with their accompanying personal identifying information.

44. Defendant did not receive any written authorization from Plaintiff or the other Class members to obtain their genetic test results and information derived therefrom, including their personal identifying information, as mandated by 410 ILCS 513/15(a) and 410 ILCS 513/30(a)(2).

45. Plaintiff's and the other Class members' have been aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA when Defendant obtained their statutorily protected genetic information without their consent.

46. GIPA provides for statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater – and, alternatively, damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater. 410 ILCS 513/40(a)(3).

47. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each willful and/or reckless violation of GIPA or actual damages – whichever is greater - pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA or actual damages – whichever is greater - pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: June 7, 2021                                  Respectfully submitted,

                                                     SARAH HOGAN, individually and on
                                                     behalf of all similarly situated individuals,

                                                     By:   /s/ David L. Gerbie
                                                     *One of Plaintiff's Attorneys*

David L. Gerbie
Andrew T. Heldut
Brendan Duffner

10

MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11